UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT A. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-1049-JAR |
| ) | |
| WELLS FARGO BANK, N.A., and ) | |
| WELLS FARGO & COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (Doc. No. 8) and Plaintiff's Motion to Remand. (Doc. No. 11) The motions are fully briefed and ready for disposition.

**Background**

Plaintiff Scott Sanders ("Sanders") originally filed this action for breach of contract against Wells Fargo Bank, N.A. and Wells Fargo & Company ("Wells Fargo") in the Circuit Court of St. Louis City, Missouri on April 30, 2014. Sanders alleges that Wells Fargo breached the terms of its Incentive Compensation Plan by refusing to pay certain bonuses earned while he was employed. (Compl., Doc. No. 7 at 18) His prayer for relief seeks judgment in the amount of $74,999.00. Wells Fargo removed the case to this Court on June 6, 2014 on the basis of diversity jurisdiction, stating the parties are citizens of different states and "the amount in controversy exceeds $75,000.00." (Doc. No. 1) Shortly thereafter, Well Fargo filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Sanders filed a motion to remand.

1

In support of his motion to remand, Sanders filed an affidavit stating "I have affirmatively elected to limit my potential recovery in this case to $74,999.00, because I wish to have my case heard in the courts of the State of Missouri." (Affidavit of Scott A. Sanders ("Sanders Aff."), Doc. No. 11-1 at ¶ 3) He acknowledges that "choosing to file [his] case in state court and voluntarily limiting [his] potential recovery in this fashion will preclude [him] from recovering more than $74,999.00, even if [his] claim were determined to be worth more than that." (Id. at ¶ 4)

Wells Fargo opposes remand, arguing it has established that the actual amount in controversy exceeds $75,000.00. Wells Fargo relies on a June 21, 2013 demand letter from Sanders seeking $109,180.00 for his unpaid bonuses. (Doc. No. 13-1) (Doc. No. 13 at 7-8) Wells Fargo further argues that Sanders' prayer for relief is not a binding limitation on his damages and that his affidavit is not a binding stipulation because it does not include the safeguards that would limit his ability to "seek, ask for, and demand" damages in excess of $75,000 should the case be remanded, citing McGuire v. J.B. Hunt Transp., Inc., 2010 WL 2399550, at *4 (E.D.Mo. June 10, 2010), Slavin v. State Farm Mut. Auto. Ins. Co., 2005 WL 3274337, at *3 (E.D.Mo. Dec. 2, 2005), and Green v. Dial Corp., 2011 WL 5335412, at *2 (E.D.Mo. Nov. 4, 2011). (Doc. No. 13 at 8-10)

Sanders has now filed a stipulation signed by himself and his counsel stating that he will "not seek, ask for, or accept any damages in excess of $75,000.00, exclusive of interests and costs," and that he will file an identical stipulation in state court within fourteen days of remand. (Doc. No. 22)

The Court addresses the motion to remand first, because it must determine whether subject matter jurisdiction is present in this case. See Carlson v. Arrowhead Concrete Works,

Inc., 445 F.3d 1046, 1050 (8th Cir.2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."); see also State ex rel. Nixon v. Nextel West Corp., 248 F.Supp.2d 885, 889 (E.D.Mo.2003).

**Motion to remand**

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Bell v. The Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009); In re Minnesota Mutual Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003). To meet this burden, the defendant must present "some specific facts or evidence." Harris v. Transamerica Life Insurance Co., 2014 WL 1316245, at *1 (E.D.Mo. Apr. 2, 2014). This evidence may include settlement offers by the plaintiff exceeding the jurisdictional amount. See McGuire, 2010 WL 2399550, at *3 ("[A]lthough the existence of a settlement demand does not resolve the [amount in controversy] issue, it is relevant."). Doubts concerning federal jurisdiction are resolved in favor of remand. Bell, 557 F.3d at 956.

Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. Green, 2011 WL 5335412, at *1 (citing Bell, 557 F.3d at 956). A plaintiff can meet that burden with a "binding stipulation that limits the plaintiff's recovery of damages." Id. (citing Neighbors v. Muha, 2005 WL 2346968, at *2 (W.D.Mo. Sept. 26, 2005)).

Although Sanders' demand letter sought $109,180.00 in unpaid bonuses, he submitted an affidavit electing to limit his recovery to $74,999.00. (Doc. No. 11-1) While relevant, the demand letter does not establish the jurisdictional amount by a preponderance of the evidence, as it is "not supported by the pleadings or any other evidence and it is directly rebutted by a sworn affidavit." Jackson v. Fitness Resource Group, Inc., 2012 WL 2873668, at *5 (E.D.Mo. July 12, 2012) (quoting Turner v. Wal-Mart Stores East, LP, 4:11CV541CDP (E.D.Mo. May 4, 2011), ECF No. 14). Moreover, Sanders has now filed a stipulation that he will "not seek, ask for, or accept any damages in excess of $75,000.00, exclusive of interests and costs," (see Doc. No. 22) and has, therefore established to a legal certainty that his claim is for less that the requisite jurisdictional amount and that remand is appropriate.

**Motion to dismiss**

Because the Court lacks subject matter jurisdiction over this action, Wells Fargo's pending motion to dismiss will be denied without prejudice as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [8] is **DENIED** without prejudice as moot.

Dated this 10th day of December, 2014.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**